DAVID SLUCHAK,

                Petitioner,                    Case Number 07-12633
                                                         Honorable David M. Lawson

v.

CAROL HOWES,

                Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

      The petitioner, David Sluchak, presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted by a jury in the Emmet County, Michigan circuit court on three counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct, all involving his step-granddaughter over a period of nine years. The petitioner was sentenced to concurrent prison terms of twenty-five to forty years on the first-degree criminal sexual conduct convictions and ten to fifteen years on the second-degree criminal sexual conduct convictions. The petitioner alleges that the trial court erred when it admitted similar acts evidence and photographs of the minor victim, and by not allowing the petitioner to present evidence pertaining to a civil suit filed by the victim's family. The petitioner also alleges that his constitutional rights were violated when he was sentenced on inaccurate information by a biased judge, and the state courts erred by refusing to find that the cumulative effect of these errors denied the petitioner his right to a fair trial. The respondent has filed an answer to the petition asserting that the claims are not cognizable on habeas corpus review or lack merit. The Court finds that some of the petitioner's claims raise matters exclusively governed by state law, and on those matters habeas

relief cannot be granted. The petitioner has raised some federal claims, but those claims lack merit. Therefore the petition will be denied.

I.

At the time of the trial, Tristin Cowell, the victim of the petitioner's sexual assaults, was a sixteen-year-old sophomore at Cheboygan High School. The petitioner is Cowell's step-grandfather by his marriage to Tristin's grandmother. Cowell testified to approximately thirty acts of touching and masturbation, and three acts of penetration by petitioner, beginning when she was in first grade and ending at the age of twelve. Three years later, when Tristin was fifteen, she overheard a conversation between her mother and father that the petitioner had assaulted her cousin Kayla Kitchen, the petitioner's biological granddaughter. Nine-year-old Kayla Kitchen testified at trial regarding the incidents.

Charges pertaining to Kayla were brought against the petitioner in a separate case. Before trial began in the present matter, the petitioner pleaded no contest to one count of criminal sexual conduct in the second degree. During the plea hearing, the petitioner admitted to another incident with a neighbor girl, Natasha Chase, whom he asked to come over to his house on the pretext of fixing his computer. When she arrived, the petitioner was naked and asked Chase to shave the "top" portion of his genitals because he was unable to do so because of his weight. *See* Mot. Hr'g Tr., 2/14/05, at 15, 34-37.

Shortly after the petitioner tendered his no-contest plea, a lawsuit was filed against him by Tristan's parents. Before sentencing, the petitioner filed a motion to withdraw his plea, expressing his belief that the charges were the product of a financial motive by Tristin's parents. The trial court granted the motion to withdraw the plea, and the matter proceeded to trial. The jury found the

petitioner guilty of all five charged counts.  He was sentenced to concurrent prison terms on May

5, 2005, and then appealed his convictions and sentences in the state courts.

On direct appeal, the petitioner raised the following claims:

I.      THE TRIAL COURT REVERSIBLY ERRED AND DENIED PETITIONER
        DUE PROCESS, U.S. CONST AM XIV, WHEN IT ADMITTED OVER
        OBJECTION SIMILAR ACTS TESTIMONY FOR WHICH THE
        PROSECUTOR FAILED TO PROVIDE THE REQUIRED NOTICE OR
        OTHERWISE SHOW GOOD CAUSE FOR HIS FAILURE.

II.     THE PROSECUTOR'S WITHHOLDING OF HIS INTENTION TO
        INTRODUCE THE OTHER ACTS EVIDENCE DENYING PETITIONER
        THE DUE PROCESS OF LAW.

III.    THE TRIAL COURT DENIED PETITIONER DUE PROCESS RIGHT TO
        PRESENT A DEFENSE WHEN IT REFUSED TO ALLOW HIM TO
        INTRODUCE EVIDENCE OF AN IMPROPER MOTIVE THAT THE
        COMPLAINANTS PARENTS HAD FILED A CIVIL SUIT FOR
        DAMAGES ARISING FROM THEIR CHILD'S ALLEGATIONS.

IV.     THE TRIAL COURT REVERSIBLY ERRED WHEN IT ADMITTED
        OVER OBJECTION PHOTOGRAPHS OF THE COMPLAINANT AS A
        FIVE YEAR OLD EVEN THOUGH THESE PHOTOGRAPHS HAD NO
        EVIDENTIARY VALUE AND WERE SIMPLY APPEALS TO THE
        JURY'S SYMPATHY FOR THE COMPLAINANT.

V.      PETITIONER WAS DENIED DUE PROCESS BY THE CUMULATIVE
        EFFECT OF WRONGFULLY ADMITTING THE UNNOTICED SIMILAR
        ACTS EVIDENCE AND THE UNFAIRLY PREJUDICIAL
        PHOTOGRAPHS AS WELL AS WRONGFULLY EXCLUDING
        EVIDENCE OF THE COMPLAINANTS MOTIVE TO LIE.

VI.     PETITIONER MUST BE RESENTENCED, AND BY A DIFFERENT
        JUDGE, BECAUSE THE TRIAL COURTS SENTENCE WAS BASED ON
        HIS ASSERTION OF INNOCENCE AND BECAUSE THE COURT
        FAILED TO MAKE ANY FINDING THAT ANY ABSENCE OF
        REMORSE AFFECTED PETITIONERS REHABILITATIVE POTENTIAL.

VII.    PETITIONER MUST BE RESENTENCED BECAUSE THE JUDGE
        DENIED HIM DUE PROCESS WHEN IT RELIED ON THE
        CHALLENGED AND UNPROVEN FACT THAT PETITIONER HAD
        MOLESTED A NEIGHBOR GIRL.

VIII. PETITIONERS SENTENCES DISPROPORTIONATE BECAUSE THEY DID NOT GIVE ADEQUATE WEIGHT TO HIS OFFENDER CHARACTERISTICS AND BECAUSE THE FACTORS THE COURT RELIED ON FOR DEPARTING FROM THE JUDICIAL GUIDELINES AND FOR ITS SENTENCE WERE NEITHER OBJECTIVE, SUBSTANTIAL OR ADEQUATE.

IX. THE SENTENCING COURT VIOLATED THE SIXTH AMENDMENT BECAUSE A JURY NEVER MADE THE REQUISITE FINDING THAT PETITIONER HAD SEXUALLY ASSAULTED OTHER CHILDREN.

Ptn. at 5-6. The court of appeals rejected these claims in an unpublished opinion. *People v. Sluchak*, No. 262674, 2006 WL 3040246 (Mich. Ct. App. Oct. 26, 2006). These same claims were raised by the defendant in the Michigan Supreme Court, which denied leave to appeal. *People v. Sluchak*, 478 Mich. 868, 731 N.W.2d 706 (2007) (table).

The petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. THE STATE COURTS WERE INCORRECT WHEN THE COURTS HELD THAT PETITIONERS TRIAL WAS FAIR AND AFFIRMED HIS CONVICTIONS EVEN THOUGH PETITIONER PRESENTED HIS CLAIM UNDER DONNELLY V DECHRISTOFORO, 416 U.S. 637 (1974) AND HIS TRIAL WAS CLEARLY UNFAIR VIOLATING HIS US CONST AM V, XIV.

II. THE STATE COURTS WERE INCORRECT WHEN THEY FOUND THAT THE ERROR NOT ALLOWING PETITIONER TO PRESENT EVIDENCE TO SUPPORT HIS THEORY AND DEFENSE OF BIASNESS STATING IT WAS A HARMLESS ERROR. THUS NOT ALLOWING PETITIONER TO PRESENT A SOUND DEFENSE.

III. PETITIONER'S SENTENCE WAS CLEARLY IN VIOLATION OF HIS FOURTEENTH AMENDMENT RIGHT TO BE SENTENCED ON ACCURATE INFORMATION. ALSO FOR A SENTENCING JUDGE TO BE IMPARTIAL AND UNBIAS. VIOLATING U.S. CONST AM VI.

IV. THE STATE COURTS WERE ERRONEOUS WHEN THEY REFUSED TO APPLY THE CUMULATIVE EFFECT OF THE AMOUNT OF ERRORS.

The Court granted the petitioner leave to file an amended petition, which he filed, listing his claims as follows:

I.      THE TRIAL COURT REVERSIBLY ERRED AND DENIED MR. SLUCHAK DUE PROCESS, US CONST. AM XIV, WHEN IT ADMITTED OVER OBJECTION SIMILAR ACTS TESTIMONY FOR WHICH THE PROSECUTOR FAILED TO PROVIDE THE REQUIRED NOTICE OR OTHERWISE SHOW CAUSE FOR HIS FAILURE.

II.     THE PROSECUTOR'S WITHHOLDING OF HIS INTENTION TO INTRODUCE THE OTHER ACTS EVIDENCE, DENIED MR. SLUCHAK THE DUE PROCESS OF LAW AS GUARANTEED BY THE U.S. CONSTITUTION.

III.    THE TRIAL COURT DENIED MR. SLUCHAK'S DUE PROCESS RIGHT TO PRESENT A DEFENSE WHEN IT REFUSED TO ALLOW HIM TO INTRODUCE EVIDENCE OF AN IMPROPER MOTIVE THAT THE COMPLAINANT'S PARENTS HAD FILED A CIVIL SUIT FOR DAMAGES ARISING FROM THEIR CHILD'S ALLEGATIONS.

IV.     THE TRIAL COURT REVERSIBLY ERRED AND DENIED MR. SLUCHAK'S DUE PROCESS RIGHTS, UNDER THE U.S. CONSTITUTION, WHEN IT ADMITTED OVER OBJECTION PHOTOGRAPHS OF THE COMPLAINANT AS A FIVE YEAR OLD EVEN THOUGH THESE PHOTOGRAPHS HAD NO EVIDENTIARY VALUE AND WERE SIMPLY APPEALS TO THE JURY'S SYMPATHY FOR THE COMPLAINANT.

V.      MR. SLUCHAK WAS DENIED DUE PROCESS BY THE CUMULATIVE EFFECT OF WRONGFULLY ADMITTING THE UNNOTICED SIMILAR ACTS EVIDENCE AND THE UNFAIRLY PREJUDICIAL PHOTOGRAPHS AS WELL AS WRONGFULLY EXCLUDED EVIDENCE OF THE COMPLAINANT['S MOTIVE TO LIE.

VI.     MR. SLUCHAK'S SENTENCE WAS CONSTITUTIONALLY UNLAWFUL UNDER BOTH THE STATE AND FEDERAL CONSTITUTION BECAUSE THE TRIAL COURT'S SENTENCE WAS BASED ON MR. SLUCHAK'S ASSERTION OF INNOCENCE AND BECAUSE THE STATE TRIAL COURT FAILED TO MAKE ANY FINDING THAT ANY ABSENCE OR REMORSE AFFECTED MR. SLUCHAK'S REHABILITATIVE POTENTIAL.

VII.    MR. SLUCHAK MUST BE RESENTENCED BECAUSE THE TRIAL JUDGE DENIED HIM DUE PROCESS, WHEN IT RELIED ON THE

CHALLENGED AND UNPROVEN FACT THAT MR. SLUCHAK HAD MOLESTED A NEIGHBOR GIRL, WITHOUT IT BEING PRESENTED TO THE JURY AND PROVEN BY THE STATE BEYOND A REASONABLE DOUBT.

VIII.  MR. SLUCHAK'S SENTENCES ARE CONSTITUTIONALLY DISPROPORTIONATE BECAUSE THEY DID NOT GIVE ADEQUATE WEIGHT TO HIS OFFENDER CHARACTERISTICS AND THE JUDICIAL-FINDINGS, THE STATE TRIAL COURT RELIED ON TO DEPART FROM THE STATUTORY/JUDICIAL GUIDELINES WERE NEITHER OBJECTIVE, SUBSTANTIAL, ADEQUATE OR PROVEN BEYOND A REASONABLE DOUBT.

IX.  THE STATE TRIAL COURT VIOLATED MR. SLUCHAK'S SIXTH AMENDMENT BECAUSE A JURY NEVER MADE THE REQUISITE FINDING THAT MR. SLUCHAK'S HAD SEXUALLY ASSAULTED OTHER CHILDREN AND THE STATES COURT'S JUDICIAL-FINDINGS IMPOSED A SENTENCE TEN YEARS BEYOND THE STATUTORY/JUDICIAL GUIDELINES.

SUB-ARGUMENT(S)<br>WITH RESPECT TO SENTENCING CLAIMS

IT WAS UNCONSTITUTIONAL FOR THE STATE COURT TO ENHANCE MR. SLUCHAK'S CRIMINAL SENTENCE UNDER MCL 769.34(3)(2);

IT WAS UNCONSTITUTIONAL FOR THE STATE COURT TO MAKE INDEPENDENT JUDICIAL FINDINGS OF FACTS UNDER PEOPLE V. WALKER 428 MICH 261 (1987), WHEN IT USED THE PREPONDERANCE OF THE EVIDENCE STANDARD;

THE JURISPRUDENCE ESTABLISHED BY THE UNITED STATES SUPREME COURT IN BLAKELY V. WASHINGTON, 542 U.S. 296 (2004) REQUIRES STATE CIRCUIT COURT JUDGES FACTUAL DETERMINATIONS BE PROVEN BEYOND A REASONABLE DOUBT FOR SENTENCING CONTROVERSIES;

THE U.S. SIXTH AMENDMENT REQUIRES A STATE CIRCUIT COURT JUDGE ADOPT THE COMMON LAW JURISPRUDENCE IN BLAKELY FOR SENTENCING HEARINGS;

MICHIGAN'S JUDICIAL/STATUTORY GUIDELINES CONFLICT WITH THE SIXTH AMENDMENT RIGHT PETITIONER HAS TO HAVE THE "JURY" DETERMINE ALL ESSENTIAL FACTORS AS DEFINED BY THE UNITED

STATES SUPREME COURT DECISION IN <u>BLAKELY</u>, SUPRA; <u>CUNNINGHAM</u> V. <u>CALIFORNIA</u>, 549 U.S. ___ (2007) AND <u>MCCULLER</u> V. <u>MICHIGAN</u>, 127 S.CT. 1247 (2007) AND ARE THEREFORE UNCONSTITUTIONAL IN-PART OR IN-TOTAL.

Am. Pet. at 2-4.

The respondent filed answers to both the original petition and the amended petition, arguing that these claims were either without merit or not cognizable on habeas review.

## II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be

presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court has "explained that an unreasonable application of federal law is different from an incorrect application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable. This distinction creates a substantially higher threshold for obtaining relief than *de novo* review. AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, --- U.S. ---, 130 S. Ct. 1855, 1862, 1865 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four

hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached") (internal quotation marks and citations omitted); *see also Knowles v. Mirzayance*, --- U.S. ---, ---, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme "Court has held on numerous occasions that it is not ""'an unreasonable application of clearly established Federal law'"' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); Phillips v. Bradshaw, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

A.

Issue one of the original petition and issues one, two, and part of five of the amended petition all involve the admission in evidence at trial of evidence that the petitioner committed other acts of sexual misconduct. The petitioner argues that the trial was rendered fundamentally unfair because when the prosecution offered evidence of prior bad acts in violation of Michigan Rules of Evidence 403 and 404, and the prosecution failed to provide him the notice required by Michigan Rule of Evidence 404(b)(2) ("The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence").

It is well established that "federal habeas corpus review does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Consequently, "[h]abeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation." *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994) (citing Fuson v. Jago, 773 F.2d 55, 59 (6th Cir. 1985)). "When an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

The Michigan Court of Appeals found that the prosecutor provided notice of the similar acts evidence at issue and the rationale for its admission at trial was to show that the petitioner controlled and derived sexual pleasure from children (motive), had access to the female relatives (opportunity), sexual contact with children (intent), that children were coerced into sexual activity by the petitioner's position and authority (common scheme, plan, or system), and the other acts refuted the petitioner's claims of inadvertent tickling (absence of mistake). The Michigan Court of Appeals further found that the trial court did not err in its finding that the prosecution complied with Mich. R. Evid. 404(b)(2), even though it only provided notice of the general nature of the testimony and rationale for admission, and not individual witness names.

Both of these conclusions – although questionable in their own right – are unassailable on habeas review. Michigan appellate courts review the trial court's admission of prior acts evidence under Michigan Rule of Evidence 404(b) for an abuse of discretion. *See People v. Lukity*, 460 Mich. 484, 488; 596 N.W.2d 607, 609 (1999). As the Supreme Court explained, "[t]his type of general standard triggers another consideration under AEDPA. When assessing whether a state court's application of federal law is unreasonable, 'the range of reasonable judgment can depend in part on

the nature of the relevant rule' that the state court must apply." *Renico v. Lett*, 130 S. Ct. at 1864 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Consequently, state courts have greater leeway to make mistakes that are insulated from habeas review, as in *Lett*. The *Lett* Court declared that "the more general the rule . . . the more leeway [state] courts have in reaching outcomes in case-by-case determinations." *Ibid.* (concluding that "the Michigan Supreme Court's decision upholding the trial judge's exercise of discretion — while not necessarily correct — was not objectively unreasonable") (internal quotation marks and alterations omitted).

Moreover, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512; *see also* Fed. R. Evid. 413 and 414 (allowing such evidence in federal criminal trials). Similarly, there is no clearly established federal law requiring the prosecution to provide notice of the names of "other acts" witnesses. *Cf.* Commentary to 1991 Amendments to Fed. R. Evid. 404(b) (stating that the rule does not "require the prosecution to disclose directly or indirectly the names and addresses of its witnesses").

In claim four of his amended petition, the petitioner also raises a challenge to the admission of a photograph of the complainant as a five year old, arguing that the photograph was irrelevant and unfairly prejudicial. The Michigan Court of Appeals rejected petitioner's claim, finding that although trial counsel objected to the admission of the pictures based on relevance, the evidence was relevant because the two photographs depicted the victim during the time frame when the sexual assaults occurred. This Court also concludes that the admission of the photographs of the victim was not so inflammatory nor prejudicial as to have deprived the petitioner of a fair trial, because the photographs merely showed the victim as she looked at the time of the assaults. As explained above,

any error by the state courts in applying the Michigan rules of evidence is not cognizable on habeas review, and the admission of these photographs did not "render[] his entire trial fundamentally flawed." *Bey v. Bagley*, 500 F.3d 614, 521 (6th Cir. 2007). The petitioner is therefore not entitled to habeas relief on his claims of improperly admitted evidence.

B.

In claim two of his original petition and claim three of his amended petition, the petitioner argues that the trial court denied his constitutional right to present a defense when it did not allow him to introduce evidence of the existence of a civil suit initiated by the victim's family after the petitioner had entered a plea of no contest which he subsequently withdrew.

The trial court judge excluded evidence pertaining to the civil lawsuit brought by the victim's family because the court believed that its admission would be damaging overall for the petitioner. The trial court believed that in order to admit evidence of the civil suit in a fair manner, it would be necessary to refer to petitioner's no contest plea, later withdrawn, which preceded the filing of the civil suit by the victim's family. The trial court stated:

> "[A]s I rule on this point in advance of trial, it appears that the probative value of this evidence of civil litigation will be low or rather small.
>
> On the other hand, there are significant dangers associated with it, included among them the fact that the suit that apparently now pending was not filed until after the defendant had entered a plea, a plea which was subsequently allowed by this Court to be withdrawn, but of course it's forbidden to get into that plea in the presence of the jury, and yet it is arguably unfair to bring out a lawsuit that was filed after the defendant had pled by the parents of the minor complaining witness and not allow an explanation that the suit was filed after he had entered a plea which has since been withdrawn. So there's certainly prejudice in that regard and also the potential for confusion of the issues and misleading of the jury.
>
> So in the state of the record before me, the Court is satisfied that the evidence should be excluded under Rule 403.

Mot. Hr'g Tr., 3/18/2005, at 12-13.

On appeal, the Michigan Court of Appeals concluded that any error in excluding evidence of the civil suit was harmless, despite the fact that petitioner was prepared to agree to the admission of damaging evidence that he had pleaded no contest to this charge and later had withdrawn his plea, in order to have evidence of the civil suit admitted. *Sluchak,* 2006 WL 3040246, *1. The Michigan Court of Appeals rationalized that even with its admission without reference to the plea, it was not more probable than not that a different outcome would have resulted due to the strength of the prosecution's case. *Ibid.*

The Compulsory Process Clause of the Sixth Amendment provides an accused with the right to "compulsory process for obtaining witnesses in his favor," U.S. Const. amend VI, a crucial part of the Constitution's more basic guarantee of "a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). As applied to the states by the Due Process Clause of the Fourteenth Amendment, the accused has the right at trial to present testimony that is "relevant," "material," and "vital to the defense." *Washington v. Texas*, 388 U.S. 14, 17, 23 (1967); *see also Crane v. Kentucky,* 476 U.S. 683, 690 (1986) ("Whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" (internal citations omitted)). The "right to present relevant evidence is not unlimited" and "is subject to reasonable restrictions" imposed by the criminal process. *United States v. Scheffer*, 523 U.S. 303, 308 (1998).

> As a result, state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials. Such rules do not abridge an accused's right to present a defense so long as they are not "arbitrary" or "disproportionate to the purposes they are designed to serve." Moreover, we have

found the exclusion of evidence to be unconstitutionally arbitrary or disproportionate only where it has infringed upon a weighty interest of the accused.

*Ibid.* (internal citations).

A violation of the fundamental right to present a defense is not established merely by showing that the trial court excluded evidence relevant to a defense. Rather, a petitioner must show that the exclusion of evidence "significantly undermined fundamental elements of the defendant's defense." *Scheffer*, 523 U.S. at 315. Put another way, the exclusion of evidence is unconstitutionally arbitrary or disproportionate "only where it infringed upon a weighty interest of the accused." *Id.* at 308 (citing *Rock v. Arkansas*, 483 U.S. 44, 58 (1987)). Applying this standard in a habeas corpus case, the Sixth Circuit has held that the right to present a defense is abridged by an evidentiary ruling excluding defense evidence "[o]nly if 'an evidentiary ruling is so egregious that it results in denial of fundamental fairness.'" *Baze v. Parker*, 371 F.3d 310, 324 (6th Cir. 2004) (quoting *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)); *accord Alley v. Bell*, 307 F.3d 380, 394-95 (6th Cir. 2002) (exclusion of evidence unconstitutional only when it eviscerates a defense). Therefore, even if exclusion of evidence was erroneous under state law, the constitutional right to present a defense is not abridged unless the evidence was so material that it deprived the defendant of a fair trial. *Allen v. Howes*, 599 F. Supp. 2d 857, 872 (E.D. Mich. 2009).

Tristin and her mother, Vicky Cowell, testified at trial, and the petitioner also was prevented from cross-examining them about the lawsuit. The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "[T]he Sixth Amendment's right of an accused to confront the witnesses against him is . . . a fundamental right and is made obligatory on the States by the Fourteenth Amendment." *Pointer v. Texas,* 380 U.S. 400, 403 (1965). The Confrontation

Clause promotes reliability in criminal trials by providing defendants the opportunity for cross-examination. *Kentucky v. Stincer*, 482 U.S. 730, 739 (1987); *see also Stevens v. Bordenkircher*, 746 F.2d 342, 346 (6th Cir. 1984). The rights of confrontation and cross-examination "have ancient roots" which the "Court has been zealous to protect . . . from erosion." *Pointer*, 380 U.S. at 404-05 (quoting *Greene v. McElroy,* 360 U.S. 474, 496-97 (1959)). Cross-examination has been described as "the greatest legal engine ever invented for the discovery of truth." *California v. Greene*, 399 U.S. 149, 158 (1970) (citation and internal quotations omitted).

The Sixth Circuit has held consistently that although cross-examination is a necessary component to the preservation of an accused's rights under the Confrontation Clause, the right to cross-examine is not limitless. *Stewart v. Wolfenbarger,* 468 F.3d 338, 347 (6th Cir. 2006). When a trial judge allows but limits cross-examination, "the key inquiry is 'whether the jury had enough information, despite the limits placed on otherwise permitted cross-examination, to assess the defense theory.'" *Id.* at 348 (quoting *Dorsey v. Parke,* 872 F.2d 163, 167 (6th Cir. 1989)). The pivotal point, according to the Sixth Circuit, is whether "the defense is not allowed to plac[e] before the jury *facts* from which bias, prejudice or lack of credibility of a prosecution witness might be inferred." *Dorsey*, 872 F.2d at 167 (alteration and emphasis in original) (internal quotation marks omitted). "[I]t is the state's prerogative to define what evidence is relevant to the case in the first place." *Miskel v. Karnes*, 397 F.3d 446, 452 (6th Cir. 2005) (citing *Jackson v. Virginia*, 443 U.S. 307, 324 n.16 (1979)).

The Sixth Amendment's Confrontation Clause guarantees the accused the right to cross-examine adverse witnesses to uncover possible biases and expose the witness's motivation for testifying. *See Davis v. Alaska*, 415 U.S. 308, 316-317 (1974). If the complainant's parents had a

financial motive for testifying against the petitioner, or if they had something to gain from a lawsuit against the petitioner, the petitioner should have been allowed to elicit that evidence and present it to the jury. On the other hand, a violation of the Confrontation Clause is subject to harmless error review, *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) (holding that restriction on a defendant's right to cross-examine a witness for bias in violation of the Sixth Amendment Confrontation Clause is subject to harmless error review), and, as noted above, under AEDPA, additional deference is afford the state court.

In *Fry v. Piller*, 551 U.S. 112, 120-21 (2007), the Supreme Court held that a federal habeas court "must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial and injurious effect' standard set forth in *Brecht* [*v. Abrahamson,* 507 U.S. 619 (1993)], whether or not the state appellate court recognized the error and reviewed it for harmlessness under the 'harmless beyond a reasonable doubt' standard set forth in *Chapman* [*v. California* , 386 U.S. 18 (1967)] . . . . " *Fry* overruled *Eddleman v. McKee,* 471 F.3d 576, 583 (6th Cir. 2006), where the Sixth Circuit concluded that "AEDPA replaced the *Brecht* standard with the standard of *Chapman* plus AEDPA deference when, as here, a state court made a harmless-error determination." *See Wilson v. Mitchell*, 498 F.3d 491, 503 (6th Cir. 2007).

Whether addressed as a violation of the right to present a defense or the right to confront witnesses, the Court must determine whether the curtailment of the petitioner's cross-examination of Vicky Cowell "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 623 (internal quotations omitted). (The petitioner did not ask to cross-examine Tristin about the lawsuit because she did not file the lawsuit.) This Court has no trouble concluding that it did not.

Admission of the victim's civil suit against petitioner would have been prejudicial to the petitioner because the prosecutor then would have been permitted to introduce evidence that the petitioner had pleaded no contest to this charge before this lawsuit had been brought, admitted bad conduct involving a neighbor girl later used at sentencing, and had since withdrawn his plea. Moreover, the petitioner asked only to cross-examine Tristin's mother about the lawsuit, and her testimony against the petitioner was limited to the timing of Tristin's revelation that she had been assaulted. Finally, the petitioner already was charged with the offenses of conviction when the civil lawsuit was filed; so the logical probity behind the proposition that a financial motive prompted the criminal prosecution was weak. This Court finds that exclusion of the evidence did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Ibid.* (internal quotations omitted). The petitioner is not entitled to relief on this claim.

## C.

In count five of the petitioner's amended petition, the petitioner argues that the cumulative effect of this exclusion, coupled with the prior bad acts evidence introduced against him, rendered his trial fundamentally unfair. The Sixth Circuit, however, has determined that errors multiplied on one another do not meet the ADEPA standard because the Supreme Court has not recognized such a ground for relief.

> The Supreme Court has repeatedly stated that fundamentally unfair trials violate due process, *see, e.g., Riggins v. Nevada*, 504 U.S. 127, 149 (1992) (quoting *Spencer v. Texas*, 385 U.S. 554, 563-64 (1967)), and common sense dictates that cumulative errors can render trials fundamentally unfair. Additionally, the Supreme Court has expressly cumulated prejudice from distinct errors under the Due Process Clause. *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973) ("We need not decide, however, whether this error alone would occasion reversal since Chambers' claimed denial of due process rests on the ultimate impact of that error when viewed in conjunction with the trial court's refusal to permit him to call other witnesses."). Nonetheless, the law of this Circuit is that cumulative error claims are not cognizable on habeas

> because the Supreme Court has not spoken on this issue. *See Moore v. Parker*, 425
> F.3d 250, 256 (6th Cir. 2005) (discussing cumulated evidentiary errors). No matter
> how misguided this case law may be, it binds [this Court].

*Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006). The petitioner is not entitled to relief on

his claims of an unfair trial.

## D.

The petitioner's third claim from his initial habeas petition and claims six, seven, eight, nine

and "subsequent sub-argument sentencing claims" from his amended habeas petition all involve

claims related to his sentencing. In these claims, the petitioner contends that the trial court

improperly departed above the sentencing guidelines range, without having substantial and

compelling reasons to do so. The petitioner further contends that the trial court scored his

sentencing guidelines range improperly by using factors or unproven facts that had not been

submitted to a jury and proven beyond a reasonable doubt or conceded to by the petitioner. In the

petitioner's amended petition he alleges that his sentenced is disproportionate and was enhanced due

to his assertion of innocence.

The petitioner's claim that the state trial court incorrectly scored or calculated his sentencing

guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal

habeas review, because it is based solely on state law. *See McPhail v. Renico,* 412 F. Supp. 2d 647,

656 (E.D. Mich. 2006). Although the petitioner had a constitutional right not to be sentenced on

"misinformation of constitutional magnitude," *Roberts v. United States*, 445 U.S. 552, 556 (1980)

(quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)), the essence of his argument is that the

trial court mis-scored the sentencing guidelines by finding that the petitioner had engaged in other

acts of sexual misconduct that were not established at trial. "A federal court may not issue the writ

on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984) Therefore, a claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797-98 (E.D. Mich. 1999).

The petitioner also argues that his sentence was increased based upon facts neither proven to a jury beyond a reasonable doubt nor admitted by him. The petitioner argues, therefore, that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing guidelines that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by the petitioner. The petitioner believes that *Blakely v. Washington,* 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), support his position. However, the claim that Michigan's sentencing guideline system, wherein judge-found facts are used to establish the minimum sentence of an indeterminate sentence, violates the Sixth Amendment has been foreclosed by the Sixth Circuit's decision in *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) ("[The petitioner] argues that the Michigan trial judge violated *Apprendi* by finding facts that raised his minimum sentence. But *Harris v. United States* tells us that *Apprendi*'s rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum."). This Court is bound by that decision. Under state law, first-degree criminal sexual conduct is punishable by life imprisonment. Mich. Comp. Laws § 750.520b. Because the petitioner's sentence fell within the statutorily-authorized maximum penalty, which was not enhanced by judicial factfinding, no Sixth Amendment violation occurred.

The petitioner's claim that his sentences violate the Eight Amendment's ban on cruel and unusual punishment meets a similar fate. There is no constitutional right to strict proportionality in

sentencing.  *Harmelin v. Michigan*, 501 U.S. 957 (1997).  However, the Eighth Amendment

prohibits "extreme sentences that are grossly disproportionate to the crime." *Id.* at 1001 (Kennedy,

J., concurring (internal citations and quotation marks omitted)).  The Sixth Circuit has held that "a

sentence within the statutory maximum set by statute generally does not constitute 'cruel and

unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62-63 (6th Cir. 1995); *see also United

States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994) (holding that generally, a sentence within

statutory limitations does not violate the Eighth Amendment); *Hutto v. Davis*, 454 U.S. 370, 374

(1982) (holding that "federal courts should be reluctant to review legislatively mandated terms of

imprisonment and . . . successful challenges to the proportionality of particular sentences should be

exceedingly rare" (internal quotation marks and citations omitted)).  As discussed above, the

petitioner's sentences did not exceed the statutory maximum for any of his offenses.  Therefore, the

petitioner fails to prove an Eighth Amendment violation under which he would be entitled to habeas

corpus relief.

The petitioner further claims that the trial court judge failed to consider the petitioner's

rehabilitative potential when fashioning his sentence.  The petitioner's claim that his sentence was

excessive because the trial court did not consider the possibility of rehabilitation does not present

a federal constitutional issue where the sentence was within the range prescribed by state law.

The petitioner also claims that the trial court improperly considered his refusal to admit his

guilt to the crimes for which he had been convicted when imposing sentence.  The petitioner chose

not to address the court prior to sentencing.  The trial court, after recounting the fact that the

petitioner was convicted by a jury of all charged counts, noted that "in spite of all this, he maintains

he is innocent."  Sent. Tr., 5/5/05, at 27.  The Michigan Court of Appeals rejected the petitioner's

argument that this statement punished him for constitutionally-protected conduct, finding that the trial court's "offhanded remark concerning defendant's claim of innocence does not alter [the court's] ruling because it was not made in the context of the court's articulation of reason of departure." *Sluchak*, 2006 WL 3040246, at \*3.

In general, a trial court can consider a petitioner's lack of remorse as a reflection on his potential for rehabilitation. The petitioner points to no Supreme Court decision that applies here. The Sixth Circuit, in fact, has upheld the consideration of a defendant's lack of remorse by the trial court to support the denial of a downward adjustment of the federal sentencing guidelines for acceptance of responsibility. *See United States v. Castillo-Garcia,* 205 F.3d 887, 889 (6th Cir. 2000) (holding that a lack of true remorse is a valid consideration under the Sentencing Guideline providing for a downward adjustment based on acceptance of responsibility). "It is well established that a penal scheme which extends a benefit to defendants who own up to their conduct does not unconstitutionally burden those who exhibit no remorse." *United States v. Phibbs,* 999 F.2d 1053, 1080 (6th Cir. 1993) (citing *Brady v. United States*, 397 U.S. 742, 753 (1970)). Furthermore, the petitioner's claim that the state trial court judge abused his discretion by relying on the petitioner's lack of remorse is not a cognizable federal constitutional issue that could provide grounds for habeas relief.

In the present case, the trial court's consideration of the petitioner's lack of remorse or assertion of innocence when imposing sentence does not afford a basis for this Court to grant the petitioner habeas relief. This Court also notes that the trial court considered other factors in imposing sentence and any reference to petitioner's assertion of innocence was an offhanded

comment made prior to the articulation of the numerous reasons which factored into the petitioner's enhanced sentence.

Finally, in count three of his original petition, the petitioner argues that his constitutional rights were violated because the sentencing judge was not impartial. The petitioner premises this contention on the fact that the trial court sentenced him to twenty-five years despite his good employment history and lack of prior criminal record. While "it certainly violates the Fourteenth Amendment and deprives a defendant in a criminal case of due process of law to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial pecuniary interest in reaching a conclusion against him in his case," *Tumey v. Ohio*, 273 U.S. 510, 523 (1927), no such showing has been made here. The petitioner has not even suggested that the trial judge had a pecuniary bias against him, relying instead on the sentence imposed and the judge's statement regarding his assertion of innocence. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and this also holds true for "judicial remarks [made] during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Getsy v. Mitchell*, 495 F.3d 295, 311 (6th Cir. 2007) (en banc) (holding that the constitutional "judicial-bias inquiry is also informed by the Supreme Court's analysis of the federal statutory-recusal standard in *Liteky v. United States*"). Only when the rulings or statements "evince[] a predisposition so extreme as to display clear inability to render fair judgment" will the Constitution be violated. *Johnson v. Bagley*, 544 F.3d 592, 597 (6th Cir. 2008) (internal citations and quotations marks omitted). Neither the sentence imposed nor the judge's statements during sentencing demonstrate any bias.

The petitioner is not entitled to habeas relief on his sentencing claims.

III.

The state court decisions in this case were not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 12, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 12, 2010.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI